UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| LIVEHELPNOW, LLC,<br><br>                        Plaintiff,<br>v.<br><br>FRESHWORKS, INC., and<br><br>SHI GOVERNMENT SOLUTIONS, INC. dba<br>SHI/GOVERNMENT SOLUTIONS, INC.<br><br>                        Defendants. | Civil Action No.: 6:21-cv-566<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff LiveHelpNow LLC ("LHN" or "Plaintiff"), by and through its undersigned attorneys, complains and alleges against Defendants Freshworks, Inc. ("Freshworks") and Defendant SHI Government Solutions, Inc. dba SHI/Government Solutions, Inc. ("SHI") (collectively referred to as "Defendants") as follows:

## THE PARTIES

1. Plaintiff LHN is a Pennsylvania limited liability company with a principal place of business located at 515 S West End Blvd, Suite 202, Quakertown, Pennsylvania 18951.

2. Upon information and belief, Defendant Freshworks is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 2950 S. Delaware Street, Suite 201, San Mateo, CA 94403.

3. Upon information and belief, Defendant SHI is a corporation organized and existing under the laws of the state of Texas, with its principal place of business at 1301 S. Mo Pac Expressway, Suite 375, Austin, Texas 78746.

4. Upon information and belief, Defendants Freshworks and SHI are engaged in a

1

self-described "partnership," through which they use, sell, and/or offer to sell the infringing Freshworks technology to SHI's customers and clients.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant Freshworks, pursuant to the laws of the State of Texas, including Texas's Long Arm Statute. Freshworks is a part of a self-described "partnership" arrangement with Defendant SHI, which is a Texas corporation, headquartered in Texas. Thus, Freshworks is subject to general jurisdiction in the state of Texas. Moreover, Freshworks has committed acts of infringement in the state of Texas, including in this judicial district, at least by way of its use, sale, and/or offers to sell Freshworks Accused Products to and through SHI, which has its principal place of business in this judicial district. As a result, Freshworks is subject to specific jurisdiction here.

7. This Court has general personal jurisdiction over Defendant SHI because SHI is a corporation organized and existing under the laws of the state of Texas and has its principal place of business in Texas, and specifically in this judicial district. Moreover, SHI has committed acts of infringement in the state of Texas, including in this judicial district, through its use, sale, and/or offers to sell Freshworks Accused Products in this judicial district. As a result, SHI is subject to specific jurisdiction here.

8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Venue is proper under these provisions with respect to Defendant Freshworks because Freshworks is a partner in a partnership with SHI that has an established place of business in this judicial district.

## JOINDER OF DEFENDANTS

9. Joinder of Defendants Freshworks and SHI in this action is proper under 35 U.S.C. § 299. Because Defendant SHI directly and/or indirectly infringes the Asserted Patents through its use, sale, and/or offers to sell the Freshworks Accused Products, the claims against SHI arise out of "the same transaction, occurrence, or series of transactions, or occurrences" as the claims for infringement against Freshworks with respect to the Freshworks Accused products that SHI uses, sells, and/or offers to sell.  35 U.S.C. § 299(a).  The products are identical and they infringe the same claims of the same patents in the same manner.  Thus, "questions of fact common to all defendants . . .  will arise in the action." *Id.*

## BACKGROUND FACTS

10. On November 3, 2015, United States Patent No. 9,178,950 (the "'950 patent") was duly and properly issued to Michael Kansky, for an invention entitled "Method, System And Apparatus For Establishing And Monitoring Sessions With Clients Over A Communication Network." A true and correct copy of the '950 patent is attached to this complaint as **Exhibit 1.**

11. LHN is the owner by assignment of the '950 patent.

12. LHN possesses all rights necessary to bring this suit for infringement of the '950 patent.

13. On February 28, 2017, United States Patent No. 9,584,375 (the "'375 patent") was duly and properly issued to Michael Kansky, for an invention entitled "Method, System And Apparatus For Establishing And Monitoring Sessions With Clients Over A Communication Network." A true and correct copy of the '375 patent is attached to this complaint as **Exhibit 2.**

14. LHN is the owner by assignment of the '375 patent.

15. LHN possesses all rights necessary to bring this suit for infringement of the '375 patent.

16. On September 17, 2019, United States Patent No. 10,419,372 (the "'372 patent")

was duly and properly issued to Michael Kansky, for an invention entitled "Method, System And Apparatus For Establishing And Monitoring Sessions With Clients Over A Communication Network." A true and correct copy of the '372 patent is attached to this complaint as **Exhibit 3.**

17. LHN is the owner by assignment of the '372 patent.

18. LHN possesses all rights necessary to bring this suit for infringement of the '372 patent.

19. On March 16, 2021, United States Patent No. 10.951,559 (the "'559 patent") was duly and properly issued to Michael Kansky, for an invention entitled "Method, System And Apparatus For Establishing And Monitoring Sessions With Clients Over A Communication Network." A true and correct copy of the '559 patent is attached to this complaint as **Exhibit 4;** a Certificate of Correction from the U.S. Patent and Trademark Office for the '559 patent is attached to this complaint as **Exhibit 5.**

20. LHN is the owner by assignment of the '559 patent.

21. LHN possesses all rights necessary to bring this suit for infringement of the '559 patent.

**The Patented Technology**

22. Collectively, the LHN Patents cover aspects of LHN's pioneering inventions in the area of Internet based applications improving real-time communication between website operators and website visitors ("live chatting") including monitoring, gathering, managing and sharing of information by providing whisper technology ("LHN Whisper"), or ability for a website operator to communicate a message to another operator directly in the active chat session, while this message remains hidden to the website visitors/customers.

23. LHN Whisper provides many advantages previously not available to website operators, such as: coaching for training newly hired operators more quickly than traditional methods would allow; and ability for expert operators to "chime in" on the chats of less experienced operators who, for example, may not have the skills required to answer complex visitor/customer inquiries in full detail thus improving customer support.

24. Many competitors that provide live chatting, including Defendant, adopted LHN's inventions and transitioned, at least in part, to the use of technology copying LHN Whisper in their live chatting products.

25. As demonstrated by Defendant's infringement of the LHN Patents, LHN Whisper is an integral part of Freshworks' live chatting products.

## DEFENDANTS' INFRINGEMENT

26. Freshworks, at least under the brand name "Freshworks" makes, uses, imports, sells, and/or offers for sale, and has made, imported, sold, and/or offered for sale, live chatting products and services, that practice the technology disclosed and claimed in the LHN Patents (collectively the "Infringing Products"). The Infringing Products include, for example and without limitation, Freshchat. On information and belief, Freshworks offers the Infringing Products for sale both alone and in various combinations, arrangements and kits, under various designations, and offers them for sale at least on its own website. Freshworks encourages, assists and instructs customers, affiliates, and partners, including Defendant SHI, to use the Freshworks Infringing Products in a manner that infringes the asserted patents. As a result, Freshworks also indirectly infringes the asserted patents.

27. SHI has a self-described "partnership" and affiliate relationship with Freshworks under which SHI uses, sells, and offers to sell the Freshworks Infringing Products. Thus, SHI directly infringes the asserted patents. On information and belief, SHI encourages, assists and

instructs customers, affiliates, and partners, to use the Freshworks Infringing Products in a manner that infringes the asserted patents. As a result, SHI also indirectly infringes the asserted patents.

28. By making, using, importing, offering for sale, and/or selling the Infringing Products, Defendants have infringed and continue to infringe on LHN's valuable intellectual property rights.

29. Through their infringement of the LHN Patents, Defendants have caused and continue to cause LHN serious and ongoing harm, including both monetary damages and irreparable harm that cannot be compensated with monetary damages and for which LHN has no adequate remedy at law.

## **WILLFUL INFRINGEMENT**

30. Freshworks has known of the LHN Patents and of its infringement of the '950, '375, and '372 patents since at least February 10, 2020, when it received a letter from LHN's counsel providing it with those patents and with claim chart detailing Freshworks' infringement. Upon information and belief, Freshworks has known of the '559 patent and its infringement of that patent since the date on which the patent issued, March 16, 2021.

31. After being notified of its infringement, Freshworks elected to continue making, offering for sale, and/or selling its Infringing Products.

32. On information and belief, Freshworks' infringement of the LHN Patents is knowing, willful, intentional, and intended to profit off of LHN's innovative technologies.

33. On information and belief, Defendant SHI was aware of the LHN Patents and its infringement thereof through its partnership with Freshworks. In the alternative, Defendant SHI was willfully blind to its infringement.

## COUNT ONE
### (Infringement of the '950 Patent as to Freshworks and SHI)

34. LiveHelpNow incorporates and re-alleges as if fully set forth herein each and every allegation contained in paragraphs 1 through 33.

35. Freshworks Infringing Products meet each and every limitation of at least claim 5 of the '950 patent. Attached hereto as **Exhibit 6** is a claim chart showing how an example of the Infringing Products meets these limitations, and thus infringes the '950 patent for at least this reason.

36. By making, using, importing, offering to sell, and/or selling the Infringing Products, Freshworks is infringing LHN's exclusive rights in the '950 patent in violation of 35 U.S.C. § 271, and will continue to do so unless enjoined by this Court.

37. Freshworks has induced, and continues to induce Freshworks' customers, partners, affiliates, and/or end users to infringe the asserted claims. Freshworks has taken active steps to encourage and facilitate direct infringement by Freshworks' customers, and/or end users of the Freshworks Infringing Products, with knowledge of that infringement, such as providing Freshworks Infringing Products, by contracting for the sale and distribution of the Freshworks Infringing Products, by marketing the Freshworks Infringing Products, and by creating and/or distributing instructional materials, web pages, marketing materials, and/or similar materials with instructions for using the Freshworks Infringing Products in an infringing manner. The use of the Freshworks Infringing Products in accordance with Freshworks' instructions results in infringement of the asserted claims.

38. By using, offering to sell, and/or selling the Infringing Products, SHI is infringing LHN's exclusive rights in the '950 patent in violation of 35 U.S.C. § 271, and will continue to do so unless enjoined by this Court.

39. SHI has induced, and continues to induce SHI's customers, partners, affiliates, and/or end users to infringe the asserted claims. SHI has taken active steps to encourage and facilitate direct infringement by SHI's customers, and/or end users of the Freshworks Infringing Products, with knowledge of that infringement, such as providing Freshworks Infringing Products, by contracting for the sale and distribution of the Freshworks Infringing Products, by marketing the Freshworks Infringing Products, and by creating and/or distributing instructional materials, web pages, marketing materials, and/or similar materials with instructions for using the Freshworks Infringing Products in an infringing manner. The use of the Freshworks Infringing Products in accordance with Freshworks' instructions results in infringement of the asserted claims.

40. Defendants have also contributorily infringed, and continue to contributorily infringe, the asserted claims by making, using, offering to sell, selling, and/or contracting for sale of the Freshworks Infringing Products that perform the patented method, knowing that the Freshworks Infringing Products are especially made for use in infringing the '950 patent, and are not staple articles of commerce suitable for a substantial non-infringing use.

41. Defendants' infringement is knowing and willful.

## COUNT TWO
### (Infringement of the '375 Patent as to Freshworks and SHI)

42. LiveHelpNow incorporates and re-alleges as if fully set forth herein each and every allegation contained in paragraphs 1 through 33.

43. Freshworks Infringing Products meet each and every limitation of at least claim 1 of the '375 patent. Attached hereto as **Exhibit 7** is a claim chart showing how an example of the Infringing Products meets these limitations, and thus infringes the '375 patent for at least this reason.

44. By making, using, importing, offering to sell, and/or selling the Infringing Products, Freshworks is infringing LHN's exclusive rights in the '375 patent in violation of 35 U.S.C. § 271, and will continue to do so unless enjoined by this Court.

45. Freshworks has induced, and continues to induce Freshworks' customers, partners, affiliates, and/or end users to infringe the asserted claims. Freshworks has taken active steps to encourage and facilitate direct infringement by Freshworks' customers, and/or end users of the Freshworks Infringing Products, with knowledge of that infringement, such as providing Freshworks Infringing Products, by contracting for the sale and distribution of the Freshworks Infringing Products, by marketing the Freshworks Infringing Products, and by creating and/or distributing instructional materials, web pages, marketing materials, and/or similar materials with instructions for using the Freshworks Infringing Products in an infringing manner. The use of the Freshworks Infringing Products in accordance with Freshworks' instructions results in infringement of the asserted claims. .

46. By using, offering to sell, and/or selling the Infringing Products, SHI is infringing LHN's exclusive rights in the '375 patent in violation of 35 U.S.C. § 271, and will continue to do so unless enjoined by this Court.

47. SHI has induced, and continues to induce SHI's customers, partners, affiliates, and/or end users to infringe the asserted claims. SHI has taken active steps to encourage and facilitate direct infringement by SHI's customers, and/or end users of the Freshworks Infringing Products, with knowledge of that infringement, such as providing Freshworks Infringing Products, by contracting for the sale and distribution of the Freshworks Infringing Products, by marketing the Freshworks Infringing Products, and by creating and/or distributing instructional materials, web pages, marketing materials, and/or similar materials with instructions for using the

Freshworks Infringing Products in an infringing manner. The use of the Freshworks Infringing Products in accordance with Freshworks' instructions results in infringement of the asserted claims.

48. Defendants have also contributorily infringed, and continue to contributorily infringe, the asserted claims by making, using, offering to sell, selling, and/or contracting for sale of the Freshworks Infringing Products that perform the patented method, knowing that the Freshworks Infringing Products are especially made for use in infringing the '375 patent, and are not staple articles of commerce suitable for a substantial non-infringing use.

49. Defendants' infringement was knowing and willful.

## COUNT THREE
### (Infringement of the '372 Patent as to Freshworks and SHI)

50. LiveHelpNow incorporates and re-alleges as if fully set forth herein each and every allegation contained in paragraphs 1 through 33.

51. Freshworks Infringing Products meet each and every limitation of at least claims 14 and 19 of the '372 patent. Attached hereto as **Exhibit 8** is a claim chart showing how an example of the Infringing Products meets these limitations, and thus infringes the '372 patent for at least this reason.

52. By making, using, importing, offering to sell, and/or selling the Infringing Products, Freshworks is infringing LHN's exclusive rights in the '372 patent in violation of 35 U.S.C. § 271, and will continue to do so unless enjoined by this Court.

53. Freshworks has induced, and continues to induce Freshworks' customers, partners, affiliates, and/or end users to infringe the asserted claims. Freshworks has taken active steps to encourage and facilitate direct infringement by Freshworks' customers, and/or end users of the Freshworks Infringing Products, with knowledge of that infringement, such as providing

Freshworks Infringing Products, by contracting for the sale and distribution of the Freshworks Infringing Products, by marketing the Freshworks Infringing Products, and by creating and/or distributing instructional materials, web pages, marketing materials, and/or similar materials with instructions for using the Freshworks Infringing Products in an infringing manner. The use of the Freshworks Infringing Products in accordance with Freshworks' instructions results in infringement of the asserted claims.

54. By using, offering to sell, and/or selling the Infringing Products, SHI is infringing LHN's exclusive rights in the '372 patent in violation of 35 U.S.C. § 271, and will continue to do so unless enjoined by this Court.

55. SHI has induced, and continues to induce SHI's customers, partners, affiliates, and/or end users to infringe the asserted claims. SHI has taken active steps to encourage and facilitate direct infringement by SHI's customers, and/or end users of the Freshworks Infringing Products, with knowledge of that infringement, such as providing Freshworks Infringing Products, by contracting for the sale and distribution of the Freshworks Infringing Products, by marketing the Freshworks Infringing Products, and by creating and/or distributing instructional materials, web pages, marketing materials, and/or similar materials with instructions for using the Freshworks Infringing Products in an infringing manner. The use of the Freshworks Infringing Products in accordance with Freshworks' instructions results in infringement of the asserted claims.

56. Defendants have also contributorily infringed, and continue to contributorily infringe, the asserted claims by making, using, offering to sell, selling, and/or contracting for sale of the Freshworks Infringing Products that perform the patented method, knowing that the

Freshworks Infringing Products are especially made for use in infringing the '372 patent, and are not staple articles of commerce suitable for a substantial non-infringing use.

57. Defendants' infringement was knowing and willful.

## COUNT FOUR
### (Infringement of the '559 Patent as to Freshworks and SHI)

58. LiveHelpNow incorporates and re-alleges as if fully set forth herein each and every allegation contained in paragraphs 1 through 33.

59. Freshworks Infringing Products meet each and every limitation of at least claims 14 and 19 of the '559 patent. Attached hereto is a claims chart showing how an example of the Infringing Products meets these limitations, and thus infringes the '559 patent for at least this reason **(Exhibit 9)**.

60. By making, using, importing, offering to sell, and/or selling the Infringing Products, Freshworks is infringing LHN's exclusive rights in the '559 patent in violation of 35 U.S.C. § 271, and will continue to do so unless enjoined by this Court.

61. Freshworks has induced, and continues to induce Freshworks' customers, partners, affiliates, and/or end users to infringe the asserted claims. Freshworks has taken active steps to encourage and facilitate direct infringement by Freshworks' customers, and/or end users of the Freshworks Infringing Products, with knowledge of that infringement, such as providing Freshworks Infringing Products, by contracting for the sale and distribution of the Freshworks Infringing Products, by marketing the Freshworks Infringing Products, and by creating and/or distributing instructional materials, web pages, marketing materials, and/or similar materials with instructions for using the Freshworks Infringing Products in an infringing manner. The use of the Freshworks Infringing Products in accordance with Freshworks' instructions results in infringement of the asserted claims.

62. By using, offering to sell, and/or selling the Infringing Products, SHI is infringing LHN's exclusive rights in the '559 patent in violation of 35 U.S.C. § 271, and will continue to do so unless enjoined by this Court.

63. SHI has induced, and continues to induce SHI's customers, partners, affiliates, and/or end users to infringe the asserted claims. SHI has taken active steps to encourage and facilitate direct infringement by SHI's customers, and/or end users of the Freshworks Infringing Products, with knowledge of that infringement, such as providing Freshworks Infringing Products, by contracting for the sale and distribution of the Freshworks Infringing Products, by marketing the Freshworks Infringing Products, and by creating and/or distributing instructional materials, web pages, marketing materials, and/or similar materials with instructions for using the Freshworks Infringing Products in an infringing manner. The use of the Freshworks Infringing Products in accordance with Freshworks' instructions results in infringement of the asserted claims.

64. Defendants have also contributorily infringed, and continue to contributorily infringe, the asserted claims by making, using, offering to sell, selling, and/or contracting for sale of the Freshworks Infringing Products that perform the patented method, knowing that the Freshworks Infringing Products are especially made for use in infringing the '559 patent, and are not staple articles of commerce suitable for a substantial non-infringing use.

65. Defendants' infringement was knowing and willful.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff LHN respectfully requests that this Court enter judgment in its favor against Freshworks, as follows:

66. Finding that Freshworks has infringed, respectively, the '950 patent, the '375 patent, the '372 patent, and the '559 patent;

67. Awarding to LiveHelpNow damages for Freshworks' infringement as set forth herein as permitted by law and determined at trial;

68. Finding that SHI has infringed, respectively, the '950 patent, the '375 patent, the '372 patent, and the '559 patent;

69. Awarding to LiveHelpNow damages for SHI's infringement as set forth herein as permitted by law and determined at trial;

70. Awarding to LiveHelpNow exemplary damages as allowed by applicable law;

71. Finding Freshworks' conduct willful and trebling any applicable damages found or assessed;

72. Finding that this case is exceptional under 35 U.S.C. § 285 and awarding LiveHelpNow's attorney fees and costs;

73. Awarding to LiveHelpNow the costs of this action as allowed by applicable law;

74. Awarding to LiveHelpNow pre-judgment and post-judgment interest on any monetary award according to the maximum allowable legal rate;

75. Entering a permanent injunction under 35 U.S.C. § 283 enjoining each of Freshworks, its officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting or participating with any of them, from manufacturing, making, selling, offering for sale, importing, or using the Infringing Products identified herein or any product that infringes any claim of the '950 patent, the '375 patent, the '372 patent, or the '559 patent;

76. Awarding to LiveHelpNow such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

Plaintiff LHN hereby respectfully requests a trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:  June 3, 2021                          Respectfully submitted,

                                               DICKINSON WRIGHT PLLC

                                               */s/* _____ DRAFT_____

                                               Steven R. Daniels
                                               Texas Bar No. 24025318
                                               607 W. 3rd Street, Suite 2500
                                               Austin, TX 78701
                                               Telephone: (512) 770-4200
                                               Facsimile: (844) 670-6009
                                               E-Mail: SDaniels@dickinsonwright.com

                                               Stanislav Torgovitsky
                                               Washington DC Bar No. _____
                                               (Application for pro hac vice forthcoming)
                                               International Square
                                               1825 Eye St. N.W., Suite 900
                                               Washington, D.C. 20006
                                               Telephone: (202) 659-6925
                                               Facsimile: (844) 670-6009
                                               E-Mail: STorgovitsky@dickinsonwright.com

                                               ***Attorneys for Plaintiff LiveHelpNow, LLC***